IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| NERY ESCOBAR SEGURA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:26-cv-304 (LMB/WEF) |
| | ) | |
| PAMELA BONDI, et al., | ) | |
| | ) | |
| Respondents. | ) | |

## ORDER

Petitioner Nery Escobar Segura ("Segura"), a native and citizen of Guatemala, has filed a five-count Petition for Writ of Habeas Corpus ("Petition") under 28 U.S.C. § 2241, in which he asserts that he has been illegally detained by the U.S. Department of Homeland Security's ("DHS") Immigration and Customs Enforcement ("ICE") agency since January 24, 2026. Specifically, he alleges that his characterization by DHS as an "applicant for admission" pursuant to 8 U.S.C. § 1225(a), thus subjecting him to mandatory detention under 8 U.S.C. § 1225(b)(2), violates his due process rights (Counts I and IV), the Immigration and Nationality Act (Count III), and the Administrative Procedure Act (Count V). He also claims relief under Maldonado Bautista v. Santacruz, 2025 WL 3289861 (C.D. Cal. Nov. 20, 2025) (Count II).

Segura is currently detained at the Farmville Detention Center, which is within this Court's jurisdiction and the basis upon which he is suing Jeffrey Crawford, the warden of the Farmville Detention Center. Segura has also sued Pamela Bondi, the Attorney General; Kristi Noem, the DHS Secretary; Todd Lyons, the Acting Director of ICE; and Joseph Simon, the Director of the Washington Field Office of ICE's Enforcement and Removal Operations Division (collectively, "the federal respondents"). For the reasons discussed in this Order, the

Court finds that Segura is detained pursuant to 8 U.S.C. § 1226(a). Accordingly, his Petition will be granted as to Counts I and IV, and respondents will be ordered to release him from custody and provide him with a bond hearing before an Immigration Judge pursuant to 8 U.S.C. § 1226(a).[1]

I.

According to his Petition, Segura is a 37-year-old citizen of Guatemala who entered the United States in 2007. [Dkt. No. 1] at ¶ 25. Segura has lived in Virginia for over 10 years and is the father of three U.S. citizen children. Id. ¶¶ 26–27. He is the primary financial provider for his household and has long been employed in the construction industry. Id. ¶¶ 27–28. Aside from two minor traffic infractions in 2023, Segura has no criminal history. Id. ¶ 29. He was arrested on January 24, 2026 while on his way to work and has since been detained at the Farmville Detention Center. Id. ¶¶ 30–31.

Segura filed his Petition for Writ of Habeas Corpus on February 1, 2026. [Dkt. No. 1]. This Court subsequently entered an Order requiring that he not "be removed or transferred from this district for any reason without this Court's permission" and directing the federal respondents to "file either a Notice indicating that the factual and legal issues presented in this Petition do not differ in any material fashion from those presented in Ceba Cinta v. Noem, et al., 1:25-cv-1818 (E.D. Va.), or an Opposition to the Petition discussing the material differences between Ceba Cinta and this Petition." [Dkt. No. 3] at 1. In response, the federal respondents filed a Notice stating that "the factual and legal issues presented in this Petition do not differ in any material fashion from those presented in Ceba Cinta" and requesting that this Court "incorporate the

---

[1] Because the Court is granting relief on due process grounds, it need not address Segura's other claims for relief.

2

filings in Ceba Cinta into the record of this habeas case."  [Dkt. No. 4] at 1.  Finding that oral

argument will not aid the decisional process, the Petition will be resolved on the papers

submitted.

II.

The central question posed in Segura's Petition is whether he is subject to mandatory

detention under § 1225(b)(2) or instead subject to discretionary detention and entitled to a bond

hearing under § 1226(a).  As the federal respondents argued in their Ceba Cinta opposition—

which has been incorporated into the record in this civil action—whether an individual is

detained under § 1225(b) or § 1226(a) lies in the "distinction between aliens who are detained

after a lawful admission into the U.S. and those who are present without a lawful admission."

Ceba Cinta v. Noem, et al., 1:25-cv-1818, Dkt. No. 9 (E.D. Va. Oct. 28, 2025).  According to the

federal respondents, anyone in the United States who has not been admitted is subject to

mandatory detention under § 1225(b), and § 1226(a) applies only to those who have been given

legal status and subsequently placed into removal proceedings.  Id.  Therefore, they argue that

because Segura has not been admitted "as a legal matter" into the United States, he is

inadmissible under 8 U.S.C. § 1182(a), considered to be an applicant for admission under

§ 1225(a), and subject to mandatory detention under § 1225(b)(2).  Id.

This argument reflects DHS's novel interpretation of decades-old immigration detention

statutes which, as numerous district courts throughout the country have found,[2] is contrary to

---

[2] See, e.g., Gomes v. Hyde, 2025 WL 1869299 (D. Mass. July 7, 2025); Martinez v. Hyde, 2025 WL 2084238 (D. Mass. July 24, 2025); Lopez Benitez v. Francis, 2025 WL 2371588 (S.D.N.Y. Aug. 13, 2025); Maldonado v. Olson, 2025 WL 2374411 (D. Minn. Aug. 15, 2025); Arrazola-Gonzalez v. Noem, 2025 WL 2379285 (C.D. Cal. Aug. 15, 2025); Jacinto v. Trump, 2025 WL 2402271 (D. Neb. Aug. 19, 2025); Samb v. Joyce, 2025 WL 2398831 (S.D.N.Y. Aug. 19, 2025); Dos Santos v. Noem, 2025 WL 2370988 (D. Mass. Aug. 14, 2025); Garcia Jimenez v. Kramer, 2025 WL 2374223 (D. Neb. Aug. 14, 2025); Anicasio v. Kramer, 2025 WL 2374224 (D. Neb.

3

DHS's implementing regulations and published guidance, the decisions of its immigration judges (until recently), longstanding practice in U.S. immigration law, the Supreme Court's interpretation of the statutory scheme, and traditional tools of statutory construction. See Romero v. Hyde, 2025 WL 2403827, at *9 (D. Mass. Aug. 19, 2025). This new approach will also subject "millions more undocumented immigrants to mandatory detention, while simultaneously narrowing § 1226(a) such that it would have an extremely limited (if any) application." Lopez Benitez v. Francis, 2025 WL 2371588, at *8 (S.D.N.Y. Aug. 13, 2025).

This Court has previously addressed several of these points in Hasan v. Crawford, 2025 WL 2682255 (E.D. Va. Sept. 19, 2025), and adopts the findings and conclusions in Hasan into this Order. That same reasoning has been applied in multiple cases since this Court issued its memorandum opinion in Hasan, and where this Court has required that a petitioner be provided with a standard bond hearing pursuant to § 1226(a), the petitioner almost always has been granted bond.[3]

---

Aug. 14, 2025); Rosado v. Figueroa, 2025 WL 2337099 (D. Ariz. Aug. 11, 2025); Orellana Juarez v. Moniz, 2025 WL 1698600 (D. Mass. June 11, 2025); Hernandez Nieves v. Kaiser, 2025 WL 2533110 (N.D. Cal. Sept. 3, 2025); Vasquez Garcia v. Noem, 2025 WL 2549431 (S.D. Cal. Sept. 3, 2025); Carmona-Lorenzo v. Trump, 2025 WL 2531521 (D. Neb. Sept. 3, 2025); Lopez-Campos v. Raycroft, 2025 WL 2496379 (E.D. Mich. Aug. 29, 2025); Kostak v. Trump, 2025 WL 2472136 (W.D. La. Aug. 27, 2025).

[3] See Vargas Nunez v. Lyons, et al., 1:25-cv-1574, Dkt. No. 12 (released on his own recognizance); Diaz Gonzalez v. Lyons, et al., 1:25-cv-1583, Dkt. No. 10 (same); Perez Bibiano v. Lyons, et al., 1:25-cv-1590, Dkt. No. 10 (same); Guerra Leon v. Noem, et al., 1:25-cv-1634, Dkt. No. 14 (same); Hernandez Alfaro v. Simon, et al., 1:25-cv-2054, Dkt. No. 7 (same); Hernandez Contreras v. Lyons, et al., 1:25-cv-2053, Dkt. No. 8 (same); Egoavil-Rojas v. Noem, et al., 1:25-cv-2113, Dkt. No. 10 (same); Reyes Alvarez v. Crawford, et al., 1:25-cv-2148, Dkt. No. 8 (same); Maya Torres v. Crawford, et al., 1:25-cv-1891, Dkt. No. 12 (same); Salinas Hernandez v. Bondi, et al., 1:25-cv-2356, Dkt. No. 7 (same); Chaver Molina v. Bondi, et al., 1:25-cv-2395, Dkt. No. 7 (same); Gomez Alonzo v. Simon, et al., 1:25-cv-1587, Dkt. No. 20 ($1,500 bond); Ortiz Martinez v. Noem, et al., 1:25-cv-1816, Dkt. No. 16 ($5,000 bond); Ceba Cinta v. Noem, et al., 1:25-cv-1818, Dkt. No. 13 ($1,500 bond); Rios Resendiz v. Lyons, et al., 1:25-cv-1872, Dkt. No. 16 ($8,000 bond); Mata v. Bondi, et al., 1:25-cv-2089, Dkt. No. 9 ($5,000 bond); Nina Cayllahua v. Lyons, et al., 1:25-cv-2096, Dkt. No. 7 ($5,000 bond); Perez

Segura has been present in the United States since 2007. [Dkt. No. 1] at ¶ 25. Because § 1226(a) sets forth "the default rule" for detaining and removing noncitizens "already present in the United States," Jennings v. Rodriguez, 583 U.S. 281, 303 (2018), Segura's detention is governed by § 1226(a). And under § 1226(a) and its implementing regulations, he is entitled to a bond hearing before an Immigration Judge, in which an Immigration Judge must determine whether he poses a danger to the community, and whether he is a flight risk. 8 U.S.C. § 1226(a); 8 C.F.R. § 1236.1(d)(1). Unless an Immigration Judge makes such a determination, Segura's continued detention is unlawful.

## III.

For all these reasons, Segura's Petition, [Dkt. No. 1], is GRANTED, and it is hereby ORDERED that Segura be promptly released from custody, with all his personal property, pending his bond hearing before an Immigration Judge. Segura must live at a fixed address which he must provide to the federal respondents[4]; and it is further

---

Amaya v. Lyons, et al., 1:25-cv-2051, Dkt. No. 10 ($1,500 bond); Hernandez Marquez v. Lyons, et al., 1:25-cv-2056, Dkt. No. 13 ($3,000 bond); Castro Merida v. Noem, et al., 1:25-cv-2261, Dkt. No. 13 ($1,500 bond); Chavez Garay v. Perry, et al., 1:25-cv-2215, Dkt. No. 9 ($5,000 bond); Garcia Claros v. Lyons, et al., 1:25-cv-2275, Dkt. No. 8 ($5,000 bond); Leon Utrera v. Simon, et al., 1:25-cv-2273, Dkt. No. 7 ($5,000 bond); Damian v. Lyons, et al., 1:25-cv-2318, Dkt. No. 7 ($3,000 bond); Chicas Tejada v. Lyons, et al., 1:25-cv-2109, Dkt. No. 9 ($25,000 bond); Mendoza Gonzalez v. Simon, et al., 1:25-cv-2260, Dkt. No. 8 ($4,000 bond). But see Funez Contreras v. Lyons, et al., 1:25-cv-1929, Dkt. No. 12 (bond denied); Martinez Villanueva v. Crawford, et al., 1:25-cv-2175, Dkt. No. 7 (same); Osorio Romero v. Noem, et al., 1:25-cv-2159, Dkt. No. 10 (same); Catalan Luna v. Noem, et al., 1:25-cv-2355, Dkt. No. 8 (same); Najarro Ramos v. Lyons, et al., 1:25-cv-2378, Dkt. No. 7 (same).

[4] If petitioner opts to file a pleading in this civil action notifying the federal respondents of his fixed address, petitioner should file that pleading under seal.

ORDERED that respondents provide Segura with a standard bond hearing before an Immigration Judge pursuant to 8 U.S.C. § 1226(a) within 14 days of the date of this Order; and it is further

ORDERED that respondents be and are ENJOINED from denying bond to Segura on the basis that he is detained pursuant to 8 U.S.C. § 1225(b)(2); and it is further

ORDERED that, if Segura is granted bond, respondents be and are ENJOINED from invoking the automatic stay provision at 8 C.F.R. § 1003.19(i)(2)[5]; and it is further

ORDERED that respondents file a status report with this Court within 3 days of the bond hearing, stating whether Segura has been granted bond, and, if his request for bond was denied, the reasons for that denial.

The Clerk is directed to enter judgment in Segura's favor pursuant to Federal Rule of Civil Procedure 58, forward copies of this Order to counsel of record, and close this civil action.

Entered this 6th day of February, 2026.

Alexandria, Virginia

/s/
Leonie M. Brinkema
United States District Judge

---

[5] This Court has previously found that "the automatic stay imposed in immigration cases constitutes an unequivocal violation of due process." Hasan, 2025 WL 2682255, at *13.